The Chancellor.
The complainant’s intestate being, while sole and unmarried, seized of certain real and personal estate in the year 1832, intermarried with William Long, the father of the defendant by a former marriage. On the seventeenth of January, 1832, an antenuptial contract had been entered into between the parties, by which it was, among other things, agreed that the intended husband should not intermeddle with, nor have any right or title, in law or equity, to the said real estate, but that the same, and the *465 proceeds thereof, should remain her separate estate, subject to her control and disposal.
On the tenth of October, 1834, the husband and wife, for the consideration of $1500, joined in the conveyance of the wife’s real estate to the defendant. The conveyance is made with covenants, by the husband for himself and for his wife, of seizin for quiet enjoyment against encumbrances and of general warranty. To secure the payment of $1000 of the purchase money, the defendant gave his bond to the husband, bearing even date with the deed, payable in one year with interest, secured by a mortgage on the land purchased. This mortgage the bill is filed to foreclose. William Long, the husband, died in March, 1843. The wife survived him, and died on the tenth of March, 1861, intestate. Administration upon her estate was duly granted by the surrogate of Warren to the complainant.
There is no denial of the equitable right of the wife to the bond and mortgage, nor of the authority of the complainant, as her administrator, to sue for its recovery. The execution of the bond and mortgage is admitted. Nor is it disputed that the amount claimed to be due thereon remains unpaid.
The first ground of defence is, that adverse claims have been set up to portions of the land included in the deed to the defendant. The answer does not allege, nor does the evidence satisfactorily show that the defendant has been evicted from any portion of the land convoyed to him. One of the witnesses testifies, and I think he is supported by the weight of the evidence in the cause, that the defendant is in possession of every foot of land covered by his deed. It is not alleged even that an action is pending for the recovery of any portion of it. It is clear that this constitutes no defence whatever to the complainant’s right of recovery. Shannon v. Marselis, Saxton 425; Glenn v. Whipple, 1 Beasley 50; Rawle on Cov. of Title 521 — 526.
As a further ground of defence, it is urged that, after these claims were made to a part of the premises included in the defendant’s deed, it was, for the defendant’s security, *466 agreed by William Long and his wife, the grantors' in the deed, that they would procure title to the whole of the property, to be perfected by purchasing the rights of those who pretended to claim the same, and transferring them to the defendant; that the balance of the purchase money should not be paid until the title was perfected; that in the meanwhile the interest should cease, and that if any portion of the title could not be perfected, an allowance should be made the defendant therefor.
There is no satisfactory evidence that such contract was ever made. But if its existence were admitted, it clearly could not bind the wife. No action can be maintained against her or against her estate at law for the recovery of damages upon a contract made by a married woman. Nor would it avail, as against the husband, as a defence to a recovery upon the mortgage. It would be setting off against the amount due upon the mortgage damages for the breach of a subsequently made contract. I know of no principle upon which such claim could be sustained. The utmost extent to which any of the cases have gone is, that where the consideration of the mortgage has failed, or where the covenants of the deed for the land, for the purchase of which the mortgage was executed, have been violated, a court of equity will give relief. A subsequently incurred debt, justly due from the complainant to the defendant, cannot be set off against the claim upon the mortgage, much less a claim for unliquidated damages for the violation of any other contract.
It is further urged that, in pursuance of the alleged agreement, William Long, the husband of the intestate, purchased a part of the land included in the deed to the defendant; that other land held under the same title, and included within the defendant’s title, is claimed by George B. Winters; and that after the death of William Long, his widow, the complainant’s intestate, purchased another tract of land, which was included in the deed to the defendant, and that the title is still outstanding, adverse to the title of the defendant. As against all these claims, there would seem to *467 be a perfect defence by the length of the defendant’s enjoyment. It appears, from the evidence, that soon after the conveyance to the defendant, in 1834, he enclosed all, or nearly all of the land affected by these adverse claims, and that he has continued in the uninterrupted possession from that time till the present; and if it should be alleged that, in regard to that part of the land claimed by Winters there has been a mixed possession, the fence between the adjoining tracts not having been maintained, and both parties claiming title, the difficulty is effectually removed by the releases executed by Winters and his mortgagee to the defendant since the commencement of this suit. If it should be alleged that the titles acquired by William Long and his wife to parcels of land within the bounds of the defendant’s title may prove superior to his own, the answer is, that the after acquired title of William Long, under his covenant of warranty, will enure to the benefit of his grantee, and the heirs of Haney T. Long will be restrained from enforcing her claim against the grantee of her husband, who conveyed as her trustee and for her benefit.
There is no aspect of the case in which the defence can be available. There has been no eviction, actual or constructive. Ho action has been brought against the defendant to effect an eviction; nor does there appear to be any ground upon which liis title under the deed can be disturbed.
The complainant is entitled to the relief prayed for.